**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| ABDOUL BEN LATIF OUEDRAOGO | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | 3:26-cv-02044-MJH |
| | ) | |
| MARKWAYNE MULLIN, et al., | ) | |
| | ) | |
| | ) | |
| Respondents, | | |

**ORDER**

For the reasons stated by this Court in *Deh v. Warden Moshannon Valley Processing Center, et al.*, No. 3:26-CV-00738-MJH, 2026 WL 1255947 (W.D. Pa. May 7, 2026) and by the Third Circuit in *Buele Morocho v. Warden Philadelphia FDC*, No. 26-1150, 2026 WL 2546223 (3d Cir. Aug. 28, 2026), the Habeas Petition is **GRANTED IN PART**, as follows:

Respondents shall cause Petitioner to be taken to a neutral immigration judge of the Executive Office of Immigration Review for an individualized bond hearing to occur within thirty (30) days of this order, or else release Petitioner by such date. This timeline may be extended by Petitioner upon a motion to the immigration judge. Respondents shall ensure that the hearing include the required due process, including, at a minimum, factfinding based upon a record produced before a decisionmaker and disclosed to Petitioner; an opportunity to make arguments on Petitioner's behalf; and the right to an individualized determination of Petitioner's interests. *See Ghanem v. Warden Essex Cnty. Corr. Facility*, No. 21-1908, 2022 WL 574624, at *2 (3d Cir. Feb. 25, 2022). Petitioner shall be responsible for securing any necessary transcripts and record of the bond hearing.

**IT IS FURTHER ORDERED** that habeas jurisdiction has attached for this Petitioner with this Court and therefore the Court retains jurisdiction over this matter regardless of where Petitioner is

located. “It is well established that jurisdiction attaches on the initial filing for habeas corpus relief, and it is not destroyed by a transfer of the petitioner and the accompanying custodial change.” *Littles v. United States*, No. CIV. 14-6371 NLH, 2015 WL 1608918, at *2 (D.N.J. Apr. 10, 2015) (citing *Rumsfeld v. Padilla*, 542 U.S. 426, 441 (2004)). Any bond hearing pursuant to § 1226(a) for this Petitioner shall occur within the Third Circuit, before an immigration judge within the jurisdiction of the Third Circuit, applying Third Circuit law and precedent.

**IT IS FURTHER ORDERED** that Respondents shall advise the Court within twenty-four hours of any movement of the Petitioner, and Respondents shall file a Notice on the record advising of petitioner’s new location.

**IT IS FURTHER ORDERED** that the Petition is DENIED in all other respects. The Clerk of Court shall mark this case as closed.

BY THE COURT:

DATED: November 17, 2026

Marilyn J. Horan
United States District Judge